Judije Buckner
delivered the opinion of the Court.
Tiro's. IF. Nantz. executed to the plaintiff in error, hir. note under seal, bearing date the 27th •of January, 1823, binding hi selfio pay $5Í0 5(J cents, six months after date thereof.
The defendant in error executed to said Ely, a writing endorsed on the said note, in the folio wing words:
' uRusscllville, Ky. Jan. 27th, 1823.
ttI do guarantee the ultimate payment of the within.
RICH’D. BIBB.”
Some time after said note fell due, Nantz having failed to pay, Ely commenced suit upon it, recovered judgment; and having collected a part of it, prosecuted Nantz to insolvency. He did not, however, use such diligence, in endeavoring to collect the money from Nantz, as would have rendered Bibb responsible, had the note been executed to, and assigned by him to Ely.
This action of covenant, ivas then instituted by the plaintiff in error, against Bibb, on the said endorsement, to recover that portion of the sum oí ,|¡5-ÍQ 50 cents, which remained unpaid.
All objections, to any defect in the declaration, and other pleadings, were waived by the parties; and upon *72 án agreed case, iho cause was submitted io the circuit court for judgment.
The case agreed, presents this question only. Was the defendant in e: ror, bound to Ely,upon the prosecution of Nantz to inroh, ency, without proof, that such diligence, had been used in endeavoring to coerce payment from him, as is necessary to subject an assignor?
The circuit court decided in favor of Eibb, and gave judgment against Ely for costs, to reverse which, he prosecutes this writ of error.
■ If Eibb was properly exonerated, under the circumstances of the casc,ii cannot be justified by the doctrine applicable to cases of suit against assignors. Insomeof the states of the Union, an assignor is noi held responsible, (except in cases of fraud, deceit, or express warranty,) on account of the insolvency of the individual, whose note he assigned. In the case of Smallwood vs. Woods, I Bibb, 513, this court said: “If the liability of the assignor of an obligation, or promissory note, by contract implied by law, from the insol s ency of the maker, was a new subject to be settled for the first time by this court, we should have great difficulty in making out such liability, where there had been no unfairness or misrepresentation.” His liability in ibis state, although he may have been guilty of no unfairness in making the assignment, is now well settled. It grows, however, out of the general liability of parties to contracts, to refund that which may have been received upon a consideration which has failed. To authorize a recovery, therefore, against an assignor, due diligence to collect the money, secured by the obligation or note assigned, must he made apparent, by suit. Otherwise, a failure of the consideration would not appear.
But the question as to the responsibility of Bibb, in this case, depends upon no such'principle; hut upon a correct interpretation of the terms of his covenant; In endeavouring to obtain ibis, we must not stick to its very letter; nor yet indulge in implications; and thereby, annex conditions, which the covenant itself, fairly construed, does not contain. It should he so expounded, as to reach the true meaning of the contracting parties, as expressed in the instrument. In endeavoring to do this, we acknowledge, that we have experienced some *73 embarrassment. The covenants awkwardly expressed. Had the word “ultimate” been omitted, it is clear, that Bibb would have been liable to an action, so soon as the note became due, and was unpaid. But, as we cannot add to, so we must not discard, words used in the covenant, to which it is probable, the contracting parties attached an important meaning. Had it been intended, that he should be bound as a surety for Nantz, as has been contended, he would, we presume, have executed the note as one of the obligors, for it should be observed, that the covenant sued on, and the noté bear the same date. He did not, however, intend to be bound unconditionally, for the payment of it; but for its ultimate payment only; that is, in the last resort; in other words, if Nantz failed to pay it, and being sued, should'prove unable to do so. The covenant was, no doubt, bottomed upon a valuable consideration; we are bound to presume that such was the fact. The insolvency, thereforefore, of Nantz, at the date of the covenant, is not a ground, as it would have been, in case of an assignment, upon which a legal implication arises, that Bibb is to be rendered liable, to return the amount of the consideration advanced by Ely; nor is the extent of his liability, to be meted by the amount advanced. If the covenant was'violated, Ely’s right to recover, was commensurate with the injury or loss, sustained by such violation; and might be to the full amount of the note, althoagh the consideration received by Bibb, might not hnve been are ¿ourin part of it. Whatever it was, it might have been a clear gain to rum, if the note, (in which it doc;; not appear that he had any interest,') had been paid, a a not paid or collected by suit, it must be to his loss, as he bound himself, for a valuable considé-ration, to run the risk. The exercise of due diligence, on the part of Ely, by instituting suit to the first court, after the note became due, and endeavouring to coerce payment, as speedily as possible, did not, by the terms of the contract, constitute a condition, precedent to Ely’s right to maintain this action. The same reasons which render it necessary to use such diligence, to sub-jeetan assignor, cannot be made applicable to such a case as this.
Endorsement onnote'guar-aatoo™StllG mont ihcre-of,” does not const'iute assignor. nor is obligee, {."in^isr*0 rc" coifreeagainst him, bound to-use««&di]i-froepaymeñt from obligor, as is neccfsa-¿^’obligor00* h
We are, therefore, of opinion, that the circuit court erred, and ihat the judgment r-houid have been entered ' *74 in favor of the plaintiff in error, for so much of íbe sum due, upon the note of Nantz, as was not collected.
Mills and Brown, for plaintiff; Crittenden, for defendant.
The judgment of the circuit court must be reversed, and the cause remanded for further proceedings to be had, in accordance with this opinion.